

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 14, 1956

Hon. Tom Reavley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. S-196

Re: Use of assessed property
value in computation of
the franchise tax.

Dear Mr. Reavley:

You have requested an opinion of this Office as follows:

"A question has arisen as to the proper basis of computing the franchise tax for certain periods where the assessed value is the factor rather than the taxable capital.

"There is a foreign corporation that was granted a permit to transact business in Texas March 19, 1952. The first franchise tax return was filed within 90 days after March 19, 1953 in accordance with the provisions of Article 7089 V.C.S. of Texas, as amended by the 51st Legislature, 1949. The return shows no gross receipts, either in Texas or elsewhere, and the minimum tax of $25 was paid for the first permit year ended March 19, 1953, the proportionate part of $25 for the period to May 1, 1953 and $25 for the year beginning May 1, 1953. The corporation also reported that there was no assessed value of property for County ad valorem tax purposes. Under the schedule for furnishing such information as of January 1, 1953, the date we requested, the corporation made the following statement:

'At the date of this return property has not been assessed for 1953.'

Although the return was presented with a balance sheet as of March 31, 1953, it was signed before a notary public June 9, 1953, at which time it can be assumed the ad valorem assessment had been made.

"Upon comparing this return against the March 15, 1954 return, which shows a close of December 31, 1953, it was discovered that there was an assessed value as of January 1, 1953 amounting to $2,000,040.00. Incidentally, the report form called for the assessed value as of January 1, 1953. It appearing that such assessed value should have been reported in the first year tax return and the tax computed thereon, additional tax has been proposed for the three periods mentioned in the second paragraph hereof. . . .

". . .

"It is agreed that the corporation owned no property in Texas January 1, 1952. The corporation did, however, own property subject to ad valorem tax assessment on January 1, 1953. . . .

"With the foregoing facts before you, please give us your opinion on the following:

"(1) Should the assessed value for County advalorem tax purposes as of January 1, 1953, be used in computing the tax under the first year return?

"(2) If your answer is in the affirmative, should the assessed value be used for all three periods, namely March 19, 1952 to March 19, 1953, for the short period from that date to May 1, 1953 and for the year beginning May 1, 1953?

"(3) If not for all three periods, then what specific period or periods?"

We answer your first and second questions in the affirmative. The assessed value, for county ad valorem tax purposes, of the property owned by the corporation in this State as of January 1, 1953, should be used in computing the franchise taxes for all three periods, namely March 19, 1952, to March 19, 1953, for the period from March 19, 1953, to May 1, 1953, and for the year beginning May 1, 1953.

The 47th Legislature, in its Regular Session in 1941, reenacted Article 7084, Vernon's Civil Statutes and added thereto the provision that ". . . and provided further that the tax shall in no case be computed on a sum less than the assessed value, for State ad valorem tax purposes, of the property owned by the corporation in this State. . . ."

The departmental construction of the Secretary of State placed upon this amendment to Article 7084 is that the corporation should show in its first year franchise tax report the total assessed value, for county ad valorem tax purposes of all property owned by the corporation on the first day of January occurring within said first year after the date of the filing of its charter or the granting of its permit, as the case may be.

Since this departmental construction of the Secretary of State has been consistently followed for a period of more than fifteen years, and, the Legislature has met many times since the establishment of this departmental construction, the following rule enunciated by the Supreme Court of Texas in the case of Isbell v. Gulf Union Oil Company, 147 Tex. 6, 209 S.W.2d 762 (1948), would govern:

"While the Legislature has met many times since Article 7092 was construed as above indicated, it has not undertaken to change the statute so as to alter the construction which had been given it. If the Legislature did not approve the construction which had been given the statute, it could have easily amended the law. This was not done. This Court does not feel justified to hold now that the Secretary of State was in error in the construction of this statute."

You are advised, therefore, that a corporation should include in its first year franchise tax return the assessed value of its property held or owned in this State, for county ad valorem tax purposes, on the first day of January occurring within the first year after the filing of its charter or the granting of its permit, as the case may be.

In the case of the corporation in question, the first year of the granting of its permit ended on March 19, 1953. This corporation did not file its first year franchise tax return or pay its initial tax until June 9, 1953. This corporation reported, as of June 9, 1953, that no property had been assessed as of January 1, 1953. However, in its franchise tax return, filed March 15, 1954, it showed an assessed value as of January 1, 1953, of $2,000,040. Therefore, the first year franchise tax return of said corporation was improper and incorrect wherein it showed that no property was assessed as of January 1, 1953.

The corporation having been derelict in its duty to properly and correctly report all items on which its franchise taxes in question were to be computed, owes the State additional franchise taxes for all three periods, namely, the first initial tax year from March 19, 1952 to March 19, 1953, for the short period from March 19, 1953, to May 1, 1953, and for the tax year beginning May 1, 1953. These additional taxes are to be computed on the basis of the assessed value, for county ad valorem tax purposes, of the property held or owned by it in this State as of January 1, 1953. The reason for this is that the said tax return, as filed by this corporation, showed no business done in Texas; therefore, there was no taxable capital allocable to this State upon which to compute said taxes. These franchise taxes would, therefore, have to be computed on the ad valorem assessments as provided by Article 7084, wherein it is provided that the franchise tax shall in no case be computed on a sum less than the assessed value, for county ad valorem tax purposes, of the property owned by the corporation in this State.

As the date for timely payment of these franchise taxes has passed, the statutory penalty of twenty-five (25%) per cent of the taxes due has accrued by operation of law. This statutory penalty is provided for in Article 7091, V. C. S.

## SUMMARY

Where a corporation had no gross receipts from business done in this State during the first year following the granting of the charter or permit, the franchise taxes of the corporation for the initial tax year, for the additional period (if any) between January 1, and May 1 following the end of the first year, and for the year beginning May 1 following the end of the first year should be

computed on the basis of the assessed value, for county ad valorem tax purposes, of the property held or owned by it in this State as of the date of January 1 which falls within the first tax year.

APPROVED:

W. V. GEPPERT
    Taxation Division

MARY K. WALL
    Reviewer

J. ARTHUR SANDLIN
    Reviewer

L. W. GRAY
    Special Reviewer

DAVIS GRANT
    First Assistant

JOHN BEN SHEPPERD
    Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By HENRY GATES STEEN
    Assistant